1   DANIEL J. BRODERICK, Bar #89424
    Federal Defender
2   MATTHEW C. BOCKMON, Bar #161566
    Assistant Federal Defender
3   Designated Counsel for Service
    801 I Street, 3rd Floor
4   Sacramento, California 95814
    Telephone: (916) 498-5700
5
    Attorney for Defendant
6   DAVID GUIDRY

7

8                IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,       ) No. CR-S-00-427 LKK
                                    ) No. CR-S-01-027 LKK
12                  Plaintiff,      )
                                    ) **ORDER RE**
13        v.                        ) **REQUEST FOR HEARING REGARDING**
                                    ) **STATUS OF MOTION FOR DISCHARGE OR**
14  DAVID GUIDRY,                   ) **CONDITIONAL RELEASE HEARING**
                                    )
15                  Defendant.      ) Date:  October 6, 2009
                                    ) Time:   9:15 a.m.
16  _____) Judge:  Hon. Lawrence K. Karlton

17  TO THE HONORABLE LAWRENCE K. KARLTON AND THE PARTIES HERETO:

18        David Guidry moves pursuant to 18 U.S.C. section 4247(h)for an

19  Order of Discharge or Conditional Release. He also moves for his

20  immediate release because this Court expressly limited any recommitment

21  for hospitalization on a Not Guilty By Reason of Insanity verdict to a

22  period of time Mr. Guidry has already served.  This Motion is supported

23  by the following Memorandum of Points and Authorities.

24  **Background**

25        On December 5, 1997, in U.S. District Court of Oregon, Mr. Guidry

26  was found not guilty by reason of insanity for the charge of attempted

27  rape.  Mr. Guidry was subsequently committed to the custody of the

28  Attorney General for hospitalization until such time as the director of

1   the facility in which he was hospitalized determined that he had

2   recovered from his mental disease and defect to such extent that his

3   release under a prescribed regimen of medical, psychiatric, or

4   psychological care or treatment, would no longer create a substantial

5   risk of bodily injury to another person or serious damage to the

6   property of another.

7        Mr. Guidry was released on August 10, 2000.  Within two weeks, he

8   committed a bank robbery in the Eastern District of California for

9   which this Court sentenced him to 96 months.  Evidently, this Court

10  also imposed judgment in the District of Oregon case as if it were a

11  related supervised release violation.

12       Following imposition of the 96 month sentence, the following

13  occurred in open court as set forth in the attached transcript.

14  (Exhibit A).

15       THE COURT:   (Honorable Lawrence K. Karlton) Defendant is

16       remanded to the custody of the marshal.

17       MR. TISE-RASKIN:  Your Honor, there is one additional matter,

18       if I may?

19       There is the pronouncement of the judgment in connection with

20       the companion case for violation of the petition.

21       THE COURT:  Court finds that the defendant violated and is

22       sentenced to whatever the maximum is to run concurrent.

23       THE DEFENDANT:  Thank you very much.

24       MR. TICE-RASKIN:  Thank you, your Honor.

25       MR. REICHEL:  Your Honor, before I finish though, the Court

26       said whatever the maximum may be to run concurrent.  The

27       maximum, that's my concern.

28       THE COURT:  Oh, if the maximum exceeds – it is 96 months.

1    MR. REICHEL:  Thank you, your Honor.

2    RT 4/23/2002, pp. 8:5 - 9:14.

3

4    "He was then recommitted under Title 18, U.S.C., Section
     4243(e), to MCFP in Springfield, Missouri on October 8,
5    2002."

6    See Risk Assessment Review Report p.1, February 25, 2009

7    (Exhibit B).

8
     After completing his bank robbery sentence,
9
              Mr. Guidry was particularly preoccupied
10            with his commitment, insisting that his
              sentence had expired and that he was
11            supposed to be released. Although it was
              explained to him on multiple occasions
12            that he was committed under 18 U.S.C.
              4243, Mr. Gruidry did not appear to
13            understand.

14                          ****

15            Ultimately, his agitation led to his
              placement in the locked mental health
16            unit, where he was heard angrily ranting
              about members of the Risk Assessment
17            Panel, who he accused of "fucking with my
              release date."

18

19   Id. p.3.

20   The February 25, 2009, Risk Assessment Review Report recommends to

21   this Court that the patient [Mr. Guidry] continue to be committed under

22   18 U.S.C. 4243(e).  Id. p.6.

23   **Discussion**

24   Mr. Guidry has a statutory right, under 18 U.S.C. § 4247(h), for a

25   discharge hearing.  Section 4247(h) provides that "counsel for the

26   [hospitalized] person or his legal guardian may, at any time during

27   such person's hospitalization, file with the Court that ordered that

28   commitment a motion for a hearing to determine whether the person

Motion for Discharge          -3-

1  should be discharged from such facility. . ." <u>United States v. Budell,</u>
2  187 F.3d 1137 (9th Cir. 1999).

3      Mr. Guidry hereby requests a discharge hearing before this Court
4  as soon as possible.  Mr. Guidry further requests clarification of this
5  Court's judgment running his bank robbery sentence and recommitment
6  concurrently.

7  **<u>Conclusion</u>**

8      Mr. Guidry's Motion for Discharge or Conditional Release Hearing
9  should be granted.

10      WHEREFORE, defendant prays for his discharge from the custody of
11  the Attorney General and for such other relief to which he may be
12  entitled.

13  Dated: August 31, 2009              Respectfully submitted,

14                                     DANIEL J. BRODERICK
                                   Federal Defender

15
16                                     */s/ Matthew C. Bockmon*
                                   _____

17                                     MATTHEW C. BOCKMON
                                   Assistant Federal Defender
                                   Attorney for Defendant

18                                     DAVID GUIDRY

19
20                                 **O R D E R**

21      IT IS HEREBY ORDERED that Defendant David Guidry, Register No.
22  85957-011, be brought before this court on whether or not he should
23  continue to be held by the Attorney General of the United States or
24  whether Defendant Guidry should be discharged or granted conditional
25  release.

26  Dated: September 2, 2009

27                        LAWRENCE K. KARLTON
28                        SENIOR JUDGE
                      UNITED STATES DISTRICT COURT

1
**CERTIFICATE OF SERVICE**

2      I, the undersigned, hereby certify that I am an employee in the

3 Office of the Federal Defender for the Eastern District of California

4 and am a person of such age and discretion as to be competent to serve

5 papers.  On **August 31, 2009**, I served a true and correct copy of the

6 attached:

7      *Request for Hearing Regarding Status of Motion for Discharge or*

8 *Conditional Release Hearing* by depositing a true copy thereof enclosed

9 in a sealed envelope with postage thereon fully prepaid in the United

10 States mail, at Sacramento, California, addressed as follows:

11

12                     MCFP Springfield
                     Director
13                     Medical Center/Federal Prisons
                     P.O. Box 4000
14                     Springfield, MO 65801

15

16      I declare under penalty of perjury the foregoing is true and

17 correct to the best of my knowledge.  Executed this 31st day of

18 August, 2009, Sacramento, California.

19

20

21                     /s/ *Veronica Orozco*
                     _____
22                     Veronica Orozco
                     Legal Secretary

23

24

25

26

27

28